J-A16019-26                    2026 PA Super 168

| | | |
|---|---|---|
| ESTATE OF CLEA ANDREWS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: JANICE WINSOR AND ROBERT ELY | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 849 WDA 2025 |

Appeal from the Decree Entered July 3, 2025
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): O.C. 2022-01946

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

OPINION BY KING, J.:                            **FILED: July 31, 2026**

Appellants, Janice Winsor and Robert Ely, appeal from the decree entered in the Washington County Court of Common Pleas, Orphans' Court, which confirmed the account of the Estate of Clea Andrews ("Estate") and ordered the distribution of the Estate funds after overruling Appellants' objections to the attorney and executor fees charged to the account. We vacate and remand for further proceedings.

The Orphans' Court set forth the relevant facts and procedural history of this case as follows:

> [Clea Andrews, ("Decedent")] passed away on November 29, 2022. Decedent's will, dated July 14, 2021, was admitted to probate on December 21, 2022. No objections to the validity of the will were raised. Pursuant to his nomination in the will, the original executor, Charles Willison, was granted Letters Testamentary on December 21, 2022. Notice of Estate Administration was served on the beneficiaries on January 9, 2023. The will named ten beneficiaries, including Appellants. An inventory was filed on June 27, 2023 listing cash assets totaling … $103,119.71

consisting primarily of Decedent's Prudential IRA, PSERS Death Benefit, Washington Area Teachers Credit Union savings account, and Washington Financial Bank checking account. The inventory listed stock assets totaling … $1,935,486.64 consisting of … 49 shares of EnPro Industries, Inc. and an account with RBC Wealth Management. The inventory also listed real estate assets totaling … $243,024.54 consisting of property situated in South Strabane Township, Washington County, Pennsylvania and related mineral rights and royalties. The total value of Decedent's personal and real property was listed at … $2,281,630,89.

An inheritance tax appraisement was filed on November 29, 2023, listing the tax amount totaling … $300,956.58. An account was filed by the original executor[, Mr. Willison] on April 2, 2024, along with a petition for adjudication/statement of proposed distribution pursuant to Pa.O.C. Rule 2.4. The account listed two commissions paid from the Estate to [Mr. Willison] on February 9, 2023 and May 18, 2023 totaling … $114,044.36. The account also listed two payments of attorney fees to Bassi, Vreeland & Associates, PC totaling … $136,853.24 and a payment to Deverson, Tanack & Willison, CPAs in the amount of … $10,789.94. Appellants filed objections to [the] petition for adjudication and first and final account on May 16, 2024, primarily objecting to the attorney fees, the executor commission, and the payment of the accounting fee to Deverson, Tanack, &. Willison, CPAs. [Mr. Willison] passed away on May 28, 2024. Pursuant to his nomination as the successor executor in Decedent's will, amended letters testamentary were granted to Thomas E. Ostrowski … on July 1, 2024.

(Orphans' Court Opinion, filed 1/14/26, at 2-4) (footnotes omitted).

The Orphans' Court held an evidentiary hearing on September 30, 2024. Prior to the presentation of testimony, the court noted that the executor's commission and attorney's fees in this case "are within the guidelines of what we practice in Washington County. And you were quoting a much older case

that said that the law that was relied on [in ***In re Estate of Donofrio***, No. 63-OC-2011-1359, 2015 O.C. Washington Cty. LEXIS 94 (O.C. Washington Cty. April 30, 2015)[1]] regarding commissions was not relevant." (N.T. Objections Hearing, 9/30/24, at 14). Thereafter, the following exchange took place:

> [APPELLANTS' COUNSEL]: Your Honor, it was my position during our last status conference that the Pennsylvania Supreme Court has said repeatedly since the 1960s all the way up through the 2020s that the standard for determining whether an executor's commission and attorney's legal fees in the administration of an estate is a reasonableness standard that is determined by weighing a number of factors.
>
> And in that regard, the flat fee of 5 percent and 6 percent referenced in [***In re Estate of Donofrio***] which involved a significantly smaller estate than the one we have here, is not — it … does not dispense with the requirement of

_____

[1] In ***In re Estate of Donofrio***, the Washington County Orphans' Court revised its local guidelines regarding attorney fees and executor commissions. The court determined that reasonable and adequate attorney fees would be six percent, not graduated, and that reasonable and adequate executor commissions would be five percent, not graduated. The court noted that it followed the following principle regarding utilizing the guidelines:

> [T]he guidelines [are] helpful, and…establish a sort of *prima facie* criteria. If a fee is charged above the guidelines, that operates as a red flag and tells me to look into the fee a little more closely. If the fee is below the guidelines, I don't look into it unless a question is raised. I also start with the proposition that the guidelines establish the appropriate maximum fee for the routine estate.

***In re Estate of Donofrio, supra*** at *8 (quoting ***Nix Estate***, 8 Fid.Rep.2d 179, 180 (O.C. Chester Cty, 1988)). (***See also*** Response to Objections to Petition for Adjudication and First and Final Account- Exhibit 3, filed 6/17/2024, at 4) (unpaginated)).

>reasonableness and does not dispense with the analysis required by the Pennsylvania Supreme Court.
>
>THE COURT:  I disagree.
>
>[APPELLANTS' COUNSEL]:  Understood, Your Honor.
>
>THE COURT:  I couldn't find any research that said that after a certain amount it has to be based on an hourly rate.
>
>[APPELLANTS' COUNSEL]: That wasn't my argument, Your Honor.
>
>THE COURT: That was the suggestion you made, that once it's called into question, we can only look at an hourly rate and the number of hours.
>
>[APPELLANTS' COUNSEL]: No, Your Honor.  That wasn't my argument.  Apologies if it was misunderstood by the [c]ourt.
>
>THE COURT:  Well, I haven't seen anything else.  I mean, those fees fall squarely within that — that opinion and what we have been practicing, and I haven't seen anything to the contrary.

(**Id.** at 15-16).

Appellants' counsel then asked the court for a continuance, noting that counsel had erroneously believed that the hearing was only a status hearing and not an evidentiary hearing.  In response, the court asked, "What evidence do you intend to present regarding the unreasonableness of these fees?"  (**Id.** at 17).  Thereafter, the following exchange occurred regarding the burden of proof to establish the reasonableness of attorney fees and executor commissions:

>[APPELLANTS' COUNSEL]:  Case law on the challenge to the reasonableness of legal fees and the reasonableness of an executor's commission is clear that the burden of proof with

- 4 -

respect to reasonableness of those fees is on the executor and his counsel, not on [Appellants], Your Honor.

THE COURT: So the burden shifts? Once you make an objection, then it shifts to the other side to justify their fee? … And all you have to do is say, I think it's excessive, or is there more to it than that?

[APPELLANTS' COUNSEL]: No, Your Honor, it's not a shifting burden. It's the initial burden rests with the —

THE COURT: Isn't the burden on the objector to — in the first instance?

[APPELLANTS' COUNSEL]: No, Your Honor. The initial burden rests with the executor and his counsel to prove that legal fees are reasonable.

[THE COURT:] Well, they have met that burden by falling within the operative case law.

(*Id.* at 20-21).

After hearing further argument on the continuance request, the court stated:

THE COURT: I think I'm inclined to rule that if you're not prepared to do anything today, … — unless you have something for me to consider, I'm inclined to overrule your objections and finalize the account.

The fees are within what our county [has] deemed reasonable for decades and most recently in the *Donofrio* case. And although you feel that's irrelevant to this case, I don't feel that way. That is the standard of reasonableness in our locality and our county.

(*Id.* at 27). Appellants' counsel responded that if the court was denying his request for a continuance, he would proceed with an evidentiary hearing.

Appellants called Attorney Thomas O. Vreeland, counsel for the Estate,

- 5 -

to testify. Attorney Vreeland testified that he works for Bassi, Vreeland and Associates, PC. He does not generally charge an hourly rate for work on estates unless there is extensive litigation. Rather, he normally charges a flat fee of six percent of the inventory value of an estate, which is the rate that was charged in this case. Attorney Vreeland further testified that he does not keep track of the number of hours he and his staff work on estate cases. When asked about the complexity of the overall estate, Attorney Vreeland noted that it was not particularly complex, but there were some things that were "less than routine." (*Id.* at 46). Regarding the fee that was paid to Mr. Willison for his work as the executor of the Estate, Attorney Vreeland testified that the amount was calculated as five percent of the inventory value of the Estate. Attorney Vreeland did not know how many hours Mr. Willison worked on the Estate.

Estate counsel[2] sought to qualify Attorney Vreeland as an expert in the field of estate administration based on his education, training and 47 years of experience in the field. Appellants objected, noting that the reasonableness of Attorney Vreeland's fees was directly at issue in this case. The court overruled Appellants' objections, stating that "the court is taking into account that [Attorney] Vreeland has an obvious interest in this case and his fees; however, I have already stated that those fees fall within the local practice

---

[2] Attorney Corey S. Young, co-counsel for the Estate, participated in the proceedings on behalf of the Estate while Attorney Vreeland was testifying.

and the local case law, but I think he can add to that for the record." (*Id.* at 58).

Mr. Vreeland opined that the fees charged to the Estate were reasonable. When asked for the basis of his opinion, he stated:

> Well, it's based on experience. It's based on the history of the administration of estates over the years. The fee schedule has moved around.
>
> This court, in 2015, issued an opinion[, *In re Estate of Donofrio*,] indicating that there's been a lot of controversy, discrepancies, with respect to fees and commissions that are awarded in an estate and set a standard for Washington County, which was not different than what was going on in the practice for years anyway, and that was that a commission of 5 percent for a personal representative and 6 percent for the attorneys representing the estate was an acceptable amount in the eyes of the court and established that here in Washington County as being an amount that would be accepted by the court in submission of attorney's fees for approval by the court in a final accounting.
>
> \* \* \*
>
> Every fee and every commission appears on the inheritance tax return, which is submitted to the Commonwealth of Pennsylvania, Department of Revenue for their review.
>
> And the Commonwealth of Pennsylvania, Department of Revenue, has always reviewed those fees and conditions for acceptability purposes, and they had their own criteria for many years as to what they would determine was appropriate.
>
> I have never had a … 6 percent fee or 5 percent commission rejected in an inheritance tax return by the Commonwealth of Pennsylvania in 40 years.
>
> \* \* \*
>
> [T]hat fee has appeared on all of the returns that I have

filed, … and it's never been contested or no one's ever taken it up. The Department of Revenue has never objected to it.

(*Id.* at 61-63). When asked for his expert opinion on the amount of time an attorney would take on an estate like Decedent's estate, Attorney Vreeland replied "I don't know because I don't keep track of my time. I bill 6 percent of whatever the inventory value is." (*Id.* at 68).

Appellants called Thomas E. Ostrowski, the successor executor of the Estate, to testify. Mr. Ostrowski testified that he was aware that Mr. Willison prepared a tax return for Decedent and performed accounting work related to the Estate. Nevertheless, he did not know the specifics of all the work that Mr. Willison performed related to the administration of the Estate and did not know how much time Mr. Willison spent working on the Estate. Estate counsel did not call any other witnesses.

At the conclusion of the evidence, Appellants moved for the court to issue a directed verdict "on the grounds that Mr. Vreeland and Mr. Ostrowski … have not carried their burden of proof for establishing the reasonableness of the legal fees and commissions charged in connection with the administration of the … Estate." (*Id.* at 76). The court denied the motion, stating:

> THE COURT: I am compelled to deny your request based on the case law and the practice of Washington County. These fees fall within what is considered reasonable.
>
> As you acknowledged, you're the — as the objector, the burden doesn't switch back to them. You have offered nothing to suggest that they are unreasonable.

(*Id.* at 76-77).

Appellants again sought to continue the hearing to allow them an opportunity to present their own expert. The court responded as follows:

> THE COURT: In any case, I have the utmost respect for [Appellants' expert.] … And I'm sure that I would certainly respect her opinion; however, we still have to come back to the local practice, where I'm sure — where she might be able to analyze that this estate might have been billed less, that is still considered a reasonable fee in this county and the surrounding counties.
>
> I also think that … we can't just look at the amount of time an attorney puts into an estate. We must also consider the assets and the viability for those assets, as part of the undertaking of what the attorney and personal representative are having to deal with.
>
> So on that basis, I'm going to overrule the objections regarding the reasonableness of the fees.

(*Id.* at 78-79).

The court issued an order on November 13, 2024, overruling Appellants' objections to the executor's commission and attorney's fees. The court further specified that it found that the executor commission and attorney's fees for the Estate were reasonable pursuant to *In re Estate of Donofrio* and the lay and expert testimony of Attorney Vreeland. Additionally, the court stated: "There can be no doubt that the person attempting to prove an account incorrect must sustain the burden of establishing his position." (Order, filed 11/13/24, at 3) (unpaginated) (citation omitted).

Appellants filed a notice of appeal on December 6, 2024. This Court

quashed the appeal *sua sponte* on January 13, 2025, because the November 2024 order was not a final order. The court entered a decree on July 3, 2025, confirming the account and scheduling distribution of the remaining assets. Appellants filed a timely notice of appeal from that final order on July 11, 2025. On July 22, 2025, the court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellants timely complied on August 1, 2025.

Appellant raises the following issues for our review:

1. Whether the Orphans' Court erred as a matter of law when it imposed on [Appellants] the burden of proving that the fiduciary commissions and attorney fees charged to the estate were not reasonable, where it is well settled under Pennsylvania law that the executor and his attorney always bear the burden of proving the reasonableness of their own commissions and fees?

2. Whether the Orphans' Court erred as a matter of law or abused its discretion when it confirmed the commissions and fees charged to the estate by simply applying a flat percentage fee schedule, without the required inquiry into reasonableness under the Pennsylvania Supreme Court case of [**In re Trust Estate of LaRocca**, 431 Pa. 542, 246 A.2d 337 (1968)]?

3. Whether the Orphans' Court erred as a matter of law or abused its discretion by denying [Appellants'] motion for nonsuit, where the executor and his attorney failed to present any evidence to support the reasonableness of their own commissions and fees?

4. Whether the Orphans' Court abused its discretion by qualifying the Estate counsel as an expert and relying on his opinion testimony regarding his own fees and his own client's commissions?

5. Whether the Orphans' Court erred as a matter of law by

- 10 -

excluding evidence based on the attorney-client privilege when the fiduciary exception applies to communications between an executor and his attorney regarding commissions and fees charged to an estate?

6. Whether the Orphans' Court erred as a matter of law or abused its discretion by failing to consider or award a surcharge?

(Appellants' Brief at 5-6).

In their first two issues combined, Appellants contend that the Orphans' Court erred by imposing the burden of proof on Appellants to establish that the executor's commission and attorney's fees were not reasonable. Appellants argue that the court erred by concluding that the Estate carried its burden of proof by charging fees that fell within locally accepted guidelines prior to hearing any evidence examining the reasonableness of the fees in relation to the actual work performed in this case. Appellants argue that the court failed to apply the appropriate standards to evaluate the reasonableness of the fees in its determination. Specifically, Appellants assert that the court did not utilize the factors set forth in *In re Trust Estate of LaRocca* which mandates examination of the work and services rendered to analyze the reasonableness of the attorney's fees. Additionally, Appellants claim that the court did not conduct a proper inquiry into the actual work performed by Mr. Willison to determine the reasonableness of the executor's commission. Appellants maintain the court improperly concluded that the Estate met its burden of proof without examining the reasonableness of the fees and in turn, erroneously shifted the burden of proof to Appellants to establish that the fees

were not reasonable. Appellants conclude that the court erred by overruling their objections to the executor's commission and attorney's fees on these grounds, and this Court must vacate the decree confirming the Estate account. We agree relief is due.

The following principles apply to this Court's review of an Orphans' Court decision:

> [We] must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the [O]rphans' [C]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*Trust of John S. Middleton*, 313 A.3d 1079, 1088 (Pa.Super. 2024) (quoting *In re Vincent J. Fumo Irrevocable Children's Trust ex rel. Fumo*, 104 A.3d 535, 539 (Pa.Super. 2014)).

"[W]hen reviewing the judgment of the Orphans' Court regarding the allowance or disallowance of attorneys' and executors' fees, absent a clear error or an abuse of discretion, we will not interfere with the Orphans' Court determination." *In re Estate of Rees*, 625 A.2d 1203, 1206 (Pa.Super. 1993).

> The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill, and responsibility involved, as well as its knowledge of the rate of professional

compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error.

*In re Mastria's Estate*, 413 Pa. 278, 284, 196 A.2d 653, 656 (1964) (quoting *In re Taulane's Estate*, 408 Pa. 19, 22-23, 182 A.2d 765, 766 (1962)). Similarly, "the determination of whether the executor's fees are reasonable is left to the sound discretion of the Orphans' Court and we will not disturb its determination absent clear error or an abuse of discretion." *In re Padezanin*, 937 A. 2d 475, 485 (Pa.Super. 2007) (citation omitted).

"Attorneys and executors seeking compensation from an estate have the burden of establishing facts which show the reasonableness of their fees and entitlement to the compensation claimed." *In re Estate of Rees, supra* at 1206. This Court has emphasized:

> It is fundamental that an attorney seeking compensation from an estate has the burden of establishing facts which show that he or she is entitled to such compensation. Likewise, a fiduciary bears the burden of proving the reasonableness of his or her commissions.

*In re Estate of Sonovick*, 541 A.2d 374, 376 (Pa.Super. 1988) (citations omitted). "The court also has the authority to reduce to a 'reasonable and just' level those fees and commissions claimed by the fiduciary and their counsel." *In re Estate of Rees, supra* at 1206.

"[T]he fees of an attorney for the executor of an estate must meet the test of reasonableness notwithstanding an agreement to pay a specified fee or one based on the value of the estate." *Dorsett v. Hughes*, 509 A.2d 369,

372 (Pa.Super. 1986). "It is not enough that the executor approve counsel['s] fee, but the Orphans' Court which has jurisdiction over the estate from which the fee is to be paid must also approve its reasonableness." ***Id.*** "Where the fee claimed is for services rendered in settlement of an estate, the court itself is amply able to appraise the reasonableness of the fee upon a mere recital of the services rendered." ***Id.*** (citation omitted). Additionally:

> With respect to reasonableness of counsel['s] fee in an estate:
>
>> The facts and factors to be taken into consideration in determining the fee or compensation payable to an attorney include: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.
>
> [***In re Trust Estate of LaRocca, supra*** at 546-47, 246 A.2d at 339.]

***Id.*** at 371–72.

Further, the Probate, Estates and Fiduciaries Code provides that the Orphans' Court "shall allow such compensation to [an executor] as shall in the circumstances be reasonable and just, and may calculate such compensation on a graduated percentage." 20 Pa.C.S.A. § 3537. "However, the basis for determining whether compensation is reasonable under section 3537 depends

upon the value of the services actually rendered." ***In re Padezanin, supra*** at 485 (citation and brackets omitted). "Thus, the fiduciary's entitlement to compensation should be based upon actual services rendered and not upon some arbitrary formula." ***In re Sonovick, supra*** at 376 (citation omitted).

"Egregious error is committed when a court awards commissions and fees simply on a percentage basis without inquiry into the reasonableness of the compensation." ***In re Estate of Preston***, 560 A.2d 160, 165 (Pa.Super. 1989). "While as a matter of convenience, the compensation of a fiduciary may be arrived at by way of percentage, the true test is always what the services were actually worth and to award a fair and just compensation therefor. Likewise, attorney's fees in an estate are based on the reasonable value of the service actually rendered." ***In re Estate of Rees, supra*** at 1206 (citations omitted).

Instantly, the record supports Appellants' claim that the court erroneously shifted the burden of proof to Appellants. At beginning of the September 30, 2024 hearing, while discussing the burden of proof, the court stated that the executor and Estate's counsel "met that burden" by charging fees that fell within the locally accepted guidelines set forth in ***In re Estate of Donofrio***. The court stated this prior to the presentation of any evidence, implying that no further evidence was required to establish the reasonableness of the fees and that the burden rested on Appellants to demonstrate that the fees were not reasonable at the hearing. This was

further reinforced by the court's statements in response to Appellants' request for a continuance. The court stated that it was inclined to overrule Appellants' objections to the account, prior to the presentation of any evidence, if Appellants did not intend to present evidence at the hearing to demonstrate that the fees were unreasonable.

The court also repeatedly suggested throughout the hearing that the fees were presumed reasonable because they fell within the guidelines established by *In re Estate of Donofrio*. (*See* Hearing, 9/30/24, at 16, 27, 58) (stating "fees fall squarely within that opinion and what we have been practicing" while discussing proper standard to evaluate whether fees are reasonable; noting fees are within what Washington County deemed reasonable in *In re Estate of Donofrio* while determining whether to grant continuance; stating "I have already stated that those fees fall within the local practice and the local caselaw" prior to qualifying Attorney Vreeland as expert witness). Moreover, at the conclusion of the hearing, the court revisited the topic of the burden of proof, stating that "the burden doesn't switch back to [the Estate. Appellants] have offered nothing to suggest that the fees are unreasonable." (*Id.* at 77). The court reiterated its stance on the burden of proof in its November 13, 2024 order, stating "there can be no doubt that the person attempting to prove an account incorrect must sustain the burden of establishing his position." (Order, filed 11/13/24, at 3).

This Court's statements in *In re Estate of Preston* are instructive

here.[3]  In that case, this Court explicitly disapproved of Bradford County's practice of confirming executor commissions and attorney's fees for estates based solely on the fact that the fees were within the guidelines set forth by the Attorney General's Office.  Those guidelines had been adopted for use in Bradford County by the Orphans' Court via a memorandum in a prior case.  In rejecting that approach, this Court stated that "the [Orphans' Court's] use of the Attorney General's schedule for calculating fees is clearly improper and **must** cease." *In re Estate of Preston, supra* at 165 (emphasis in original). This Court further explained that a court commits "egregious error" by approving executor commissions and attorney's fees on a percentage rate based on a set of guidelines, without conducting inquiry into the reasonableness of the fees in a particular case.  *See id.*

Similarly, the record demonstrates that the court determined, prior to the presentation of any evidence, that the fees were reasonable simply because they fell within the range deemed appropriate by the local practice and *In re Estate of Donofrio*.  However, neither *In re Estate of Donofrio* nor *Nix Estate* (on which *In re Estate of Donofrio* relies) is binding on us as they are both cases decided in the Court of Common Pleas.  *See Huber v. Etkin*, 58 A.3d 772 (Pa.Super. 2012) (noting that decisions of Court of

---

[3] This Court dismissed the appeal in *In re Estate of Preston* as interlocutory but offered relevant commentary "in an effort to end the proscribed practices operating in the Orphans' Court of Bradford County (and, perhaps, in other jurisdictions of our Commonwealth)[.]" *Id.* at 161.

Common Pleas are not binding precedent on appellate courts but may be considered for their persuasive authority). Furthermore, the statement in *In re Estate of Donofrio* that the local guidelines establish a criteria of reasonableness "unless a question is raised," clearly conflicts with the cases which are binding on this Court. *See In re Estate of Rees, supra*; *In re Preston, supra*; *In re Estate of Sonovick*. *Compare In re Estate of Harrison*, 745 A.2d 676, 683 (Pa.Super. 2000) (holding executor's commission of flat five percent of estate was merited because Orphans' Court used highly fact-sensitive approach to assess complexity of administration of estate and extended length of probate period). As such, we conclude that the court erred by approving the executor's commission and attorney's fees in this case based solely on the fact that they fell within locally accepted percentage guidelines without a proper inquiry into the reasonableness of the fees based on the services actually rendered.

Although the court ultimately held a hearing on the reasonableness of the fees, the court's statements make clear that the court shifted the burden onto Appellants at the hearing to establish that the fees were not reasonable.[4]

---

[4] Additionally, we note that Attorney Vreeland's expert testimony mostly relied on the fact that the fees were reasonable pursuant to *In re Estate of Donofrio*. Notably, Attorney Vreeland's expert testimony did not discuss the factors set forth in *In re Trust Estate of LaRocca* to assess the reasonableness of the attorney's fees or discuss the full extent of the services actually rendered by Mr. Willison in relation to the reasonableness of the executor's commission.

- 18 -

Therefore, we further conclude that the court erred by improperly shifting the burden of proof to Appellants at the hearing to overcome a presumption that the fees were reasonable. ***See Trust of John S. Middleton, supra***; ***In re Estate of Rees, supra***; ***In re Estate of Sonovick, supra***. Accordingly, we vacate the July 3, 2025 decree confirming the account, and the November 13, 2024 order which overruled Appellants' objections to the account.[5] We further remand for a new hearing on Appellants' objections in accordance with this opinion.[6]

Decree vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/31/2026

---

[5] Based on our disposition, we need not address Appellants' remaining issues on appeal.

[6] For clarity, we make no determination as to whether the fees in this case are reasonable, nor do we hold that the court cannot find a flat fee to be reasonable under appropriate circumstances. ***See, e.g., In re Estate of Harrison, supra***. We further do not restrict the court from considering locally accepted guidelines as a factor in determining whether fees are reasonable. Rather, we hold that in this case, the court improperly predetermined that the fees were reasonable relying solely on the guidelines set forth in ***In re Estate of Donofrio*** and improperly shifted the burden of proof to Appellants to overcome a presumption that the fees were reasonable.